**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 11, 2013**

# In the Court of Appeals of Georgia

A13A0355. THE STATE v. GRAVES.

ANDREWS, Presiding Judge.

The State appeals from the trial court's grant of a new trial to Levi David Graves after he was convicted of one misdemeanor count of "loitering or prowling" in violation of OCGA § 16-11-36. For the following reasons, we vacate the court's order granting a new trial and remand.

Graves was charged with two counts of violating OCGA § 16-11-36 arising out of the same conduct. After a bench trial, Graves was found guilty of (count one) "loitering or prowling" in violation of OCGA § 16-11-36 by engaging in the following conduct: "masturbating while driving a motor vehicle in a residential area." In the same trial, Graves was found not guilty of (count two) "loitering or prowling" in violation of OCGA § 16-11-36 by engaging in the following conduct:

"masturbat[ing] in the presence of another while driving in a residential area." In both counts, the State alleged that Graves's conduct violated the "loitering or prowling" statute because, as set forth in the statute, he was "in a place . . . in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons . . . in the vicinity." OCGA § 16-11-36 (a).[1]

---

[1] OCGA § 16-11-36, captioned "Loitering or prowling," provides in relevant part that:

(a) A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.

(b) Among the circumstances which may be considered in determining whether alarm is warranted is the fact that the person takes flight upon the appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Code section if the law enforcement officer failed to comply with the foregoing procedure or if it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern.

2

In support of the allegations, the State produced the following evidence: Graves was seen by an adult female jogger driving his car slowly through a residential area while using one hand to apparently masturbate underneath his pants without exposing himself. The jogger testified that, as a man drove slowly alongside and then past her, she saw his hand moving up and down inside his pants in his private area in a manner that looked like he was masturbating; that he had "an expression of pleasure" on his face; and that she thought he might be propositioning her. The jogger said that, when the man saw her disgusted facial expression, he drove past her, then turned around in a cul-de-sac and drove past her again out of the area as she took note of his tag number. The jogger testified that seeing the man engage in this conduct left her scared and afraid to run in the neighborhood, and caused her to be alarmed and concerned for the safety of people in the vicinity, especially teenagers and children.

About an hour after the incident, the jogger reported it in a 911 call, got no response from police, and later reported the incident to the District Attorney's office. Three days after the jogger reported the incident, a sheriff's deputy used the reported tag number to locate Graves and interview him. Graves initially denied driving in the area of the incident, but then admitted to the officer that he had been masturbating

under his pants while driving in the area of the reported incident. But Graves claimed he was doing so in the privacy of his car and was not masturbating at the jogger.

Sitting as the trier of fact, the trial court found that Graves did not intend to follow the jogger – finding rather that "they were both in the wrong place at the wrong time." Accordingly, the trial court found Graves not guilty of the charge in count two that he was "loitering or prowling" in violation of OCGA § 16-11-36 by "masturbat[ing] in the presence of another while driving in a residential area." Nevertheless, the court found that Graves's conduct was alarming to the jogger, and found him guilty of the charge in count one that he was "loitering or prowling" in violation of OCGA § 16-11-36 by "masturbating while driving a motor vehicle in a residential area."

After the trial court entered a judgment of conviction on the guilty verdict, Graves filed an "amended motion for new trial" in which he sought a new trial on three grounds: "(1) the State's failure to show that Defendant's conduct of 'masturbating while driving in a residential area' rises to the level of Loitering or Prowling as defined in [OCGA § 16-11-36]; (2) the Code section [OCGA § 16-11-36], as applied to Defendant's conduct, is [unconstitutionally] vague; and (3) the State's failure to show that law enforcement complied with subsection (b) of [OCGA

§ 16-11-36] requiring that Defendant be given the opportunity to dispel any alarm or immediate concern." The trial court denied the motion for new trial on the asserted grounds that OCGA § 16-11-36 was unconstitutionally vague and that the State failed to show compliance with subsection (b) of the statute.[2] But the court entered an order granting the motion, vacating the judgment of conviction, and granting a new trial on the ground that the State failed to show that "Defendant's conduct of driving while masturbating in a residential area rises to the level of Loitering or Prowling as defined in OCGA § 16-11-36 (a)."

The portion of Graves's "amended motion for new trial" granted by the trial court was, in substance, a claim that the accusation was fatally defective because Graves could admit the allegation that he was "masturbating while driving a motor vehicle in a residential area" and still be innocent of the charge that, by this conduct, he violated the loitering or prowling statute set forth in OCGA § 16-11-36. *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977). This was a claim that could only be made by a pre-trial general demurrer or by a motion in arrest of judgment after conviction. *Parks v. State*, 246 Ga. App. 888, 889 (543 SE2d 39) (2000);

---

[2] Graves took no appeal from the denial of his motion on these grounds.

*Eubanks*, 239 Ga. at 485.[3] A motion for a new trial is not a viable procedural substitute for a motion in arrest of judgment. *Abreu v. State*, 206 Ga. App 361, 363 (425 SE2d 331) (1992); *Frady v. State*, 212 Ga. 84, 85 (90 SE2d 664) (1955). In *Abreu*, we found that the issue of whether an indictment was defective could not be considered in the trial court by motion for new trial, and that, because the issue was not properly raised in the trial court, it presented nothing for this Court to review on appeal. Id. at 363.[4] Accordingly, we do not reach the issue of whether the accusation on which Graves was convicted was fatally defective. Because the trial court lacked authority to consider or grant a claim seeking to arrest the judgment of conviction brought before the court in the motion for new trial, we find that the portion of the court's order granting Graves's motion was void and must be vacated. We remand the

---

[3] In the absence of a pre-trial general demurrer or a timely filed post-conviction motion in arrest of judgment, habeas corpus is the only post-conviction method to assert that the accusation was defective. *Harris v. State*, 258 Ga. App. 669, 671 (574 SE2d 871) (2002).

[4] The State purports to appeal pursuant to OCGA § 5-7-1 (7) from the trial court's order granting Graves's amended motion for new trial. In substance, the court's order granting the motion arrested the judgment of conviction, but it did so by improperly considering that claim for relief as part of the motion for new trial. The State's appeal was not pursuant to OCGA § 5-7-1, but pursuant to its right to appeal directly from a void or illegal judgment. *State v. James*, 211 Ga. App. 149 (438 SE2d 399) (1993).

6

case to the trial court with directions to: (1) vacate the portion of its order granting Graves's amended motion for new trial; and (2) dismiss the portion of Graves's amended motion for new trial which, in substance, seeks an order arresting the judgment of conviction; and (3) reinstate the judgment of conviction. See *Foskey v. State*, 229 Ga. App. 209 (493 SE2d 595) (1997).

*Judgment vacated and case remanded. Dillard and McMillian, JJ., concur.*